IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BRICE BUILDING COMPANY,
INC.

    Plaintiff,

vs.                                           CASE NO. 5:10cv31/RS-MD

SUANN LEE and
GLENDA LEE,

    Defendants.
_____/

## ORDER

Defendant Suann Lee's motion for sanctions (Doc. 11) is **granted**.

Sanctions are proper under Fed. R. Civ. P. 11 when a party files a pleading that (1) has no reasonable factual basis, (2) is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purposes. *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996). Sanctions are appropriate pursuant to Fla. Stat. § 57.105(1) when an attorney knew or should have known that a claim (1) was not supported by the material facts necessary to establish the claim or defense; or (2) would not be supported by the application of then existing law to those material facts.

Plaintiff has failed to cite any appellate authority that would allow him to prevail on a claim against the Defendants in this case. Defendants are the wives of the two principals of Landmark General Contractors, and agreed to personally indemnify Arch Insurance Company for a bond issued for Landmark for the Harbour Village Project. Plaintiff was part of a joint venture with Landmark as general contractors of the Harbour Village project, but Plaintiff has no privity with the Defendants. Defendants made a commitment only to indemnify the bonding company for a performance bond—a contract made for the benefit of the owner of the building project, not Plaintiff. Furthermore, Plaintiff has provided no appellate authority that unjust enrichment can extend to what are essentially strangers, nor has Plaintiff provided authority for holding Defendants liable for Plaintiff's contractual responsibility of completing a project that cost more than Plaintiff had anticipated.

The only plausible explanation for proceeding against Defendants appears to be that their husbands may be "judgment-proof" because their assets are held jointly or in the entirety with their wives, but this is not a proper purpose for a lawsuit. Thus, pursuant to Fed. R. Civ. P. 11(c) and Fla. Stat. § 57.105(1), sanctions against Plaintiff are appropriate.

**IT IS ORDERED:**

1. Defendant Suann Lee is awarded attorneys fees and costs from Plaintiff.

2. The parties shall proceed pursuant to N.D. Fla. Loc. R. 54.1(E) to determine the amount of fees.

**ORDERED** on May 7, 2010.

                                    **/s/ Richard Smoak**
                                    **RICHARD SMOAK**
                                    **UNITED STATES DISTRICT JUDGE**